UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DERRICK CARDELLO-SMITH and PATRICIA LEE THOMPSON, | Case No.: 22-10340 |
| Plaintiffs, | Nancy G. Edmunds United States District Judge |
| v. | |
| JPAY, LLC, *et al.*, | Curtis Ivy, Jr. United States Magistrate Judge |
| Defendants. | |

## ORDER REGARDING SERVICE OF THE COMPLAINT

On July 7, 2022, the Court ordered the Plaintiffs to show cause why this case should not be dismissed for their failure to serve their complaint on the defendants under Federal Rule of Civil Procedure 4. Their deadline to respond to the Order to Show Cause was July 26, 2022. (ECF No. 10). During July 2022, the plaintiffs filed documents in response to the Order seeking to establish that they served the defendants during February 2022. (ECF Nos. 12-15). These documents, however, do not establish that they properly served the defendants for the reasons addressed below.

The defendants are individuals, corporate entities, the Michigan Department of Corrections, and the United States Postal Service. In response to the Order to Show Cause, Plaintiffs' "Proof of Service" of the complaint indicates that they mailed a copy of the complaint to the defendants "at their addresses . . . by First

Class Mail with all postage paid in full and mailing on February 18, 2022." (ECF No. 13, PageID.41).  This method of service is improper.

Federal Rule of Civil Procedure 4 provides the methods by which the defendants can be properly served.  To serve an individual, Plaintiffs must either have the summons and complaint personally delivered to the defendants, or leave a copy of the summons and complaint at each individual's dwelling with someone of suitable age who resides there, or deliver a copy of the summons and complaint to an agent authorized by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).  Or, they may follow Michigan law for service of process.  Michigan Court Rule 2.105(A) allows service on an individual to be completed by having the summons and complaint personally served or by sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the address.  Plaintiffs' mailing of the complaint without a summons by First Class mail does not satisfy either of these methods.

To serve a corporation or limited liability company under federal law, Plaintiff may follow Michigan law or have the summons and complaint delivered to an officer, a managing or general agent, or any other agent authorized by law to receive service of process.  Fed. R. Civ. P. 4(h)(1).  The methods under Michigan

2

law are located under Michigan Court Rule 2.105(D) and (H). Generally, these rules provide for personal service on a partnership or corporation.[1]

Service on a public body is provided for under Mich. Ct. Rule 2.105(G) and requires, again in general, personal service and mailed service.

The allowed methods for service on the United States Postal Service are found at Fed. R. Civ. P. 4(i)(1) and (2). Plaintiffs did not attempt those methods. Plaintiffs may have a copy of the summons and complaint personally delivered to the United States Attorney for the Eastern District of Michigan or to an appropriate Assistant United States Attorney, or mail by registered or certified mail a copy of each to the civil process clerk at the United States Attorney's Office and to the Attorney General of the United States at Washington, D.C. Aside from these methods, they must also send a copy of the summons and complaint to the agency.

Plaintiffs must review Federal Rule of Civil Procedure 4 and Michigan Court Rule 2.105 to ensure their attempt at service complies with the rules.

Federal Rule of Civil Procedure 4(m) states that if a defendant is not served within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Court **ORDERS** Plaintiffs to serve the summons and

---

[1] Plaintiffs may first, if they choose, send a request to the individual and corporate defendants to waive formal service of the summons and complaint under Fed. R. Civ. P. 4(d).

complaint on each of the defendants **on or before September 15, 2022**. Failure to serve them on or before this date will result in a recommendation that the case be dismissed without prejudice for failure to effect service of process.

The Court's July 7, 2022, Order to Show Cause is no longer in effect.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: August 18, 2022                s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

 The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on August 18, 2022.

              s/Kristen MacKay
              Case Manager
              (810) 341-7850