UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CARDELLO-SMITH             Case No.: 22-10340
and PATRICIA LEE
THOMPSON,                          Nancy G. Edmunds
                    Plaintiffs,    United States District Judge
v.
                                   Curtis Ivy, Jr.
JPAY, LLC, *et al.*,               United States Magistrate Judge
                    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING SERVICE OF THE COMPLAINT

Plaintiffs Derrick Cardello-Smith and Patricia Lee Thompson filed this action *pro se* on February 10, 2022. (ECF No. 1). This case was referred to the undersigned for all pretrial matters on July 5, 2022. (ECF No. 8). On August 18, 2022, this Court ordered Plaintiff to serve the summons and complaint on each of the Defendants on or before September 15, 2022. (ECF No. 19, PageID.77). For the following reasons, the undersigned **RECOMMENDS** that the action be **DISMISSED** without prejudice under Rule 4(m) for failure to timely effect service of process.

### I.      DISCUSSION

Under Rule 4(m), if defendants are not served within 90 days after the complaint is filed, a court may *sua sponte* dismiss without prejudice or order that

1

service be made within a specified time. Fed. R. Civ. P. 4(m).  Yet if a plaintiff

shows good cause for failure to effect service of process, a court is required to

extend the time for the plaintiff to serve defendants.  *Id.*; *see also Byrd v. Stone*, 94

F.3d 217, 219 (6th Cir. 1996) (citing *Habib v. General Motors Corp.*, 15 F.3d 72,

73 (6th Cir. 1994)).  The plaintiff has the burden to establish good cause

for failure to timely effect service.  *Habib*, 15 F.3d at 73.

On July 7, 2022, the undersigned ordered the Plaintiffs to show cause why

this case should not be dismissed for their failure to serve their complaint on the

Defendants under Federal Rule of Civil Procedure 4.  (ECF No. 10).  Plaintiffs'

deadline to respond to the Order to Show Cause was July 26, 2022.  (ECF No. 10).

During July 2022, the Plaintiffs filed documents in response to the July 7, 2022,

Order seeking to establish that they served the Defendants during February 2022.

(ECF Nos. 12-15).  These documents, however, do not establish that they properly

served the defendants.  (ECF No. 19).  On August 18, 2022, the undersigned

explained proper procedure for service of process for the various parties and

ordered Plaintiff to serve the summons and complaint on each of the Defendants on

or before September 15, 2022.  (ECF No. 19, PageID.77).  The Court warned that a

failure to serve them on or before this date will result in a recommendation that the

case be dismissed without prejudice for failure to effect service of process.  "[*P*]*ro*

*se* parties, including those that are incarcerated, are not exempt from the

2

requirements of the Federal Rules of Civil Procedure." *Pickett v. McCage*, No.

117CV01097JDBCGC, 2018 WL 2187057, at *2 (W.D. Tenn. May 11, 2018)

(citing *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

The Court shall address the service issues for of each of the remaining

parties here in turn.

As to Defendant Michigan Department of Corrections ("MDOC"), service

on a public body is provided for under Mich. Ct. Rule 2.105(G)[1] and requires,

again in general, personal service and mailed service.  Plaintiffs attempted to serve

MDOC via certified mail with restricted delivery at a Post Office box ("P.O. box")

in Lansing.  (ECF No. 35, PageID.177).  Plaintiffs' attempt at service of MDOC

does not comply with the Michigan service rules.  The undersigned suggests that

Plaintiffs have failed to serve MDOC in the 353 days since this lawsuit was filed

---

[1] (G) Public Corporations. Service of process on a public, municipal, quasi-municipal, or governmental corporation, unincorporated board, or public body may be made by serving a summons and a copy of the complaint on:

    (1) the chairperson of the board of commissioners or the county clerk of a county;
    (2) the mayor, the city clerk, or the city attorney of a city;
    (3) the president, the clerk, or a trustee of a village;
    (4) the supervisor or the township clerk of a township;
    (5) the president, the secretary, or the treasurer of a school district;
    (6) the president or the secretary of the Michigan State Board of Education;
    (7) the president, the secretary, or other member of the governing body of a corporate body or an unincorporated board having control of a state institution;
    (8) the president, the chairperson, the secretary, the manager, or the clerk of any other public body organized or existing under the constitution or laws of Michigan, when no other method of service is specially provided by statute.

    The service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

and therefore dismissal without prejudice is proper under Federal Rule of Civil Procedure 4(m).

As to the United States Postal Service ("USPS") Muskegon-Grand Rapids Station, the allowed methods for service on the United States Postal Service are found at Fed. R. Civ. P. 4(i)(1) and (2).  Plaintiffs may have a copy of the summons and complaint personally delivered to the United States Attorney for the Eastern District of Michigan or to an appropriate Assistant United States Attorney, or mail by registered or certified mail a copy of each to the civil process clerk at the United States Attorney's Office and to the Attorney General of the United States at Washington, D.C.  Aside from these methods, they must also send a copy of the summons and complaint to the agency.  Plaintiffs did not attempt those methods.  Plaintiffs attempted to serve the USPS via certified mail with restricted delivery at what looks like the address of the USPS Muskegon location.  (ECF No. 35, PageID.177).  Plaintiffs' attempt at service of the USPS does not comply with the service requirements as stated.  The undersigned suggests that Plaintiffs have failed to serve the USPS in the 353 days since this lawsuit was filed and therefore dismissal without prejudice is proper under Federal Rule of Civil Procedure 4(m).

The remaining individual Defendants named in the complaint are: K. VanHoften, G. Scanlon, K. Brown, MDOC Contract Supervisor, MDOC JPay Tablet Settings Supervisor, and the MDOC Representative to JPay.  To serve an

individual, Plaintiffs must either have the summons and complaint personally delivered to the defendant or leave a copy of the summons and complaint at each individual's dwelling with someone of suitable age who resides there, or deliver a copy of the summons and complaint to an agent authorized by law to receive service of process.  Fed. R. Civ. P. 4(e)(2).  Or, they may follow Michigan law for service of process.  Michigan Court Rule 2.105(A) allows service on an individual to be completed by having the summons and complaint personally served or by sending a summons and a copy of the complaint by registered or certified mail, return receipt requested, and delivery restricted to the addressee.

Plaintiff attempted to serve the MDOC Contract Supervisor, the MDOC JPay Tablet Settings Supervisor, and the MDOC Representative to JPay at the same P.O. box as Plaintiff attempted service of MDOC.  (ECF No. 35, PageID.175; 77).  Even so, in attempting the mailed service of these individual Defendants, Plaintiffs did not restrict the delivery to the addressee which is required if Plaintiffs were proceeding under Michigan Court Rule 2.105(A). Plaintiffs are responsible for completing the portion of the form restricting delivery to the addressee by checking the appropriate box, which they did not except for USPS, MDOC Outgoing/Incoming staff, and MDOC.  Thus, Plaintiffs have failed to serve these Defendants.  *See Dortch v. First Fid. Mortg. Co. of Mich., Inc*., 8 F. App'x 542, 546 (6th Cir. 2001) ("Delivery was not restricted to the addressee, nor

5

did Csolkovits sign the receipt or otherwise acknowledge receipt of the service. Thus, it appears that Dortch did not effectively serve Csolkovits with process under state or federal procedure."); *Steele-El v. Valvoline Instant Oil Change*, No. 18-12277, 2019 WL 4640348, at *7 (E.D. Mich. Sept. 24, 2019) (concluding service was improper where the signing party was not an agent authorized to receive service).

As to individuals K. VanHoften, G. Scanlon, and K. Brown, Plaintiffs do not produce any materials which support they sought to serve these Defendants as required by the Court's August 18, 2022, Order.  (ECF No. 19).  The undersigned suggests that Plaintiffs have failed to serve these individual Defendants within the time allowed and therefore dismissal without prejudice is proper under Federal Rule of Civil Procedure 4(m).

There are several groups Plaintiffs have allegations against in their complaint: the Michigan Department of Corrections Mailroom Staff at MCF, the MCF/MDOC Outgoing/Incoming Mail Staff, and the MDOC Contract Department.  (ECF No. 1).  Federal Rule of Civil Procedure 10(a) requires plaintiffs to "name all the parties" in the complaint.  To the extent that Plaintiffs may not have been aware of the names of these individuals when the complaint was filed, this provides only a temporary excuse for initial use of pseudonyms instead of the specific names of these Defendants.  That said, Plaintiffs must

nonetheless make reasonable attempts to identify the Defendants through discovery and must subsequently amend the complaint to reflect the discovered identities and effect service on those named parties within the period provided by Rule 4(m). *See Petty v. County of Franklin*, 478 F.3d 341, 345–46 (6th Cir. 2007). Plaintiffs have not shown that they attempted to discover the identities of these Defendants. Accordingly, the unnamed defendants would ordinarily be subject to dismissal without prejudice under Rule 4(m) of the Federal Rules of Civil Procedure.

Beyond their failure to amend to name these Defendants, Plaintiffs only provide materials that sought to serve the MCF/MDOC Outgoing/Incoming Mail Staff. On the return receipt Plaintiffs provide they selected the box restricting delivery, but the undersigned is not persuaded that mail directed to "MCF/MDOC Outgoing/Incoming Mail Staff" can be restricted to a particular addressee, as required by Michigan rules. An addressee is a "person to whom a letter, parcel, etc. is addressed." *Addressee*, *Black's Law Dictionary* (11th ed. 2019). Plaintiffs attempted to serve via certified mail and restricted delivery to an unnamed group of individuals. The undersigned is not persuaded that the restriction by the Plaintiffs is sufficient to constitute proper service in compliance with Michigan law because restricting delivery to an unnamed group of people is contradictory to the very requirement of delivery being restricted to a particular addressee. So the undersigned recommends dismissal without prejudice because Plaintiffs have

failed to properly serve these individuals within the time allowed under Federal Rule of Civil Procedure 4(m).

## II.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that Plaintiffs complaint be **DISMISSED WITHOUT PREJUDICE** under Fed. R. Civ. P. 4(m).  In light of this recommendation, the undersigned **RECOMMENDS** the pending motions should be terminated as moot.  (ECF Nos. 61; 62; 63; 64; 65; 66; 67; 71).

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.


Date: January 30, 2023               s/Curtis Ivy, Jr.
                                     Curtis Ivy, Jr.
                                     United States Magistrate Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of
record and any unrepresented parties via the Court's ECF System or by First Class
U.S. mail on January 30, 2023.


                                     s/Kristen MacKay
                                     Case Manager
                                     (810) 341-7850