UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CARDELLO-SMITH,
and PATRICIA LEE THOMPSON,
      Plaintiffs,                                    No. 22-10340

v.                                                          Honorable Nancy G. Edmunds

JPAY, LLC, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 30, 2023 REPORT AND RECOMMENDATION REGARDING SERVICE OF THE COMPLAINT [72]**

This matter is before the Court on the Magistrate Judge's January 30, 2023 report and recommendation regarding service of the complaint. (ECF No. 72.) The Magistrate Judge recommends that Plaintiffs' action be dismissed without prejudice for failure to timely effect service. Fed. R. Civ. P. 4(m).

Having conducted a *de novo* review of the portions of the Magistrate Judge's report and recommendation to which the Plaintiffs have filed specific objections, the Court ADOPTS the report and recommendation (ECF No. 71). As a result, the Court dismisses Plaintiffs' claims against the remaining Defendants without prejudice.[1]

---

[1] On December 21, 2022, the Court entered a stipulated order of dismissal of JPAY Defendants only. (ECF No. 70.) The order dismissed the following Defendants in favor of arbitration: JPay, LLC, JPAY- Securus/secures Technologies Company, JPAY Corporation, JPAY Conflict Escalation Team and JPAY Representative to MDOC.

**I.      Background**

Plaintiffs filed this action *pro se* on February 10, 2022.  On July 7, 2022, the Magistrate Judge ordered Plaintiffs to show cause on or before July 26, 2022 why the Magistrate Judge should not recommend that the case be dismissed for failure to prosecute under E.D. Mich. Local R. 41.2 and/or failure to serve the complaint under Fed. R. Civ. P. 4(m).  (ECF No. 10.) Plaintiffs filed a response to the show cause order on July 20, 2022, and included proofs of service purporting to establish service on Defendants in February 2022.  (ECF No. 13.)

On August 18, 2022, the Magistrate Judge entered another order regarding service of the summons and complaint.  (ECF No. 19.) In the order, the Magistrate Judge set out in detail the reasons that Plaintiffs' documents did not establish that Defendants had been properly served pursuant to either Federal Rule of Civil Procedure 4 (Rule 4) or the Michigan Court Rules. The order directed Plaintiffs to the proper Federal Rules of Civil Procedure and Michigan Court Rules and gave additional direction regarding the proper manner of service for the various defendants, including individuals, corporate entities, the Michigan Department of Corrections, and the United States Postal Service. (ECF No. 19.) The Magistrate Judge extended the time for service of the summons and complaint until September 15, 2022.  Fed. R. Civ. P. 4(m). The order stated that "[f]ailure to serve them on or before this date will result in a recommendation that the case be dismissed without prejudice for failure to effect service of process." (ECF No. 19, PageID.77.) Since that time, Plaintiffs filed with the court several documents purporting to be proofs of service on Defendants, including completed green cards from certified mail sent return receipt requested. (ECF Nos. 20-28, 30-33, 35, 37, 38, 40, 68.)

2

On January 30, 2023, the Magistrate Judge entered a report and recommendation, recommending dismissal of Plaintiffs' complaint without prejudice pursuant to Rule 4(m), for failure to properly serve Defendants. Plaintiffs have filed three documents of objections to the report and recommendation.[2] (ECF Nos. 74-76; ECF Nos. 75 and 76 are the same.)

## II.     Standard of Review

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1).

---

[2] In addition to the objections, Plaintiff Cardello-Smith also filed a document that was docketed as an "objection" but is a motion asking the Magistrate Judge to order the U.S. Marshals to serve Plaintiffs' objections on the defendants.  (ECF No. 73.)  Rule 4(c)(3), regarding the service of a summons, provides that "[a]t the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." The service of the summons is the subject at issue herein and, as set forth in the Magistrate Judge's report and recommendation, and for the reasons set forth below, has not yet been properly completed by Plaintiffs. Plaintiff's request for service of his objections to the report and recommendation on the as-yet-not-served defendants is not supported by the Rules and is denied. (ECF No. 73.)

Because of Plaintiffs' pro se status, the Court reads his pleadings, including ECF No. 73, more liberally. Even with a liberal reading the motion does not appear to ask for the Court to order the U.S. Marshals to serve the summons and complaint.  Even if it were construed in that manner, Plaintiffs do not show good cause for the failure to make such a request until more than a year after filing their suit.  Despite his pro se status, Plaintiff Derrick Cardello-Smith has experience initiating other suits and filing pleadings in both the Eastern and Western Districts of Michigan. *See e.g., Cardello-Smith v. Google LLC, et al.*, 21-11595, 2021 WL 4894700 (E.D. Mich. Oct. 20, 2021) ("A review of federal court records indicates that the plaintiff has at least four prior civil rights complaints . . . .").

### III. Analysis

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

As an initial matter, Plaintiff Cardello-Smith cites *Champine v. Department of Transportation*, 983 N.W.2d 741 (Mich. 2022), for the premise "that service of the lawsuit is in fact notice." (ECF No. 74, PageID.328.) *Champine* addresses the statutory notice requirements of MCL § 691.1404, when a plaintiff seeks to recover from a state agency under the highway exception to governmental immunity. *Id.* at 744. *Champine* does not address service of process of a summons and complaint and it does not apply here.

#### A.     Objection One: Service of Process on MDOC

The Court agrees with the Magistrate Judge's conclusion that Plaintiffs failed to properly serve MDOC under the Michigan Court Rules, which require personal service *and* mailed service. Plaintiffs sent the documents by certified mail, with restricted delivery to "MDOC" at a Post Office (P.O.) Box.  Plaintiffs object that "the MDOC is Directed by Heidi Washington" and "Director Washington is represented in office by 'Administrators and Managers,' employed for the very purpose of receiving mail sent to the 'P.O. Box" used in this case, addressed to the Director or MDOC."  (ECF No. 76, PageID.347.) Despite Plaintiffs pointing out that MCR 2.105(G) allows for sending the summons and a copy of the complaint by registered mail "addressed to the officer" at his or her office, Plaintiffs' certified mail was not addressed to an officer. Further, the Michigan Court Rule requires mailed service *and*

4

personal service. The Magistrate Judge did not err in finding that the attempt at service on MDOC did not comply with the Michigan service rules.

        B.       **Objection Two: Service of Process on United States Postal Service**

Plaintiffs attempted to serve the United States Postal Service (USPS) via certified mail restricted delivery and provided the return receipt as evidence that the documents were mailed to "USPS Muskegon Station" at an address in Muskegon, Michigan. (ECF No. 35, 76.) Plaintiffs name the "United States Postal Service Muskegon-Grand Rapids" as a defendant, and object that they "served the 'Agency'". The Magistrate Judge correctly notes that Plaintiffs have not attempted the methods set forth in Fed. R. Civ. P. 4(i)(1) and (2). For example, Rule 4(i)(2) requires that to serve an agency of the United States, "a party must serve the United States *and* also send a copy of the summons and of the complaint by registered mail to the agency, . . ." Fed. R. Civ. P. 4(a)(2) (emphasis added). The Magistrate Judge in the report and recommendation correctly set forth the manner in which the United States may be served. (ECF No. 72, PageID.318; Fed. R. Civ. P. 4(i)(1).) The Court agrees with the Magistrate Judge that Plaintiffs did not comply with the Rules and failed to serve the USPS, despite an extension in which to do so.

        C.       **Objection Three: MDOC-Related Individuals**

Plaintiffs attempted to serve the MDOC Contract Supervisor, the MDOC JPay Tablet Settings Supervisor, and the MDOC Representative to JPay at the same P.O. Box as they used to attempt service on MDOC and they did not restrict delivery to the addressee as is required under MCR 2.105(A). (ECF No. 72, PageID.319); *see also Dortch v. First Fidelity Mortg. Co. of Mich., Inc.*, 8 F. App'x 542, 546 (6th Cir. 2001) ("Delivery was not restricted to the addressee, . . . . Thus, it appears that Dortch did not effectively serve Csolkovits with

5

process under state or federal procedure."). Plaintiffs' objection that they were attempting service pursuant to Fed. R. Civ. P. 4(e) and not the Michigan Court Rule is not persuasive. Rule 4(e) does not provide for service in this manner. The Magistrate Judge's recommendations were not erroneous.

      **D.    Objection Four: Named Individuals and MCF/MDOC Outgoing/Incoming Mail Staff**

The Magistrate Judge suggests that there are no materials in the record to show that Plaintiffs attempted to serve the three named individuals on the complaint: K. VanHofton, G. Scanlon, and K. Brown. Plaintiffs object that for these Defendants, the Magistrate Judge "ignores the record as it exists." Plaintiffs' objection appears to be that the Magistrate Judge erred in not knowing that a service attempt on "MCF/MDOC Outgoing/Incoming Mail Staff" was meant to encompass these three individuals, who allegedly work in the mailroom. Plaintiffs fail to identify a court rule, federal or state, that allows named individuals listed on a complaint to be lumped together and served by certified mail addressed to their generic employment or department title. To the extent Plaintiffs again argue that they were proceeding under the Fed. R. Civ. P. 4(e) for service and not the Michigan rules, they fail to address the requirement of personal service under Rule 4(e)(2).

The Court acknowledges the additional challenges of trying to effectuate service from within the prison system, yet the Federal Rules of Civil Procedure provide options for such a claimant. The Magistrate Judge has already allowed an additional extension of time for Plaintiffs to complete service, and issued an order identifying the relevant Federal and Michigan rules and the deficiencies in Plaintiffs' prior attempt at service. For the reasons set

6

forth above, the Court overrules Plaintiffs' objections and accepts the Magistrate Judge's report and recommendation.

## IV.     Conclusion

IT IS HEREBY ORDERED that the Court ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No. 72) for the reasons set forth herein and Plaintiffs' complaint is dismissed without prejudice. This dismissal also disposes of the remaining pending motions in this case.

SO ORDERED.

       s/Nancy G. Edmunds
       Nancy G. Edmunds
       United States District Judge

Dated: June 12, 2023


I hereby certify that a copy of the foregoing document was served upon Plaintiffs and counsel of record on June 12, 2023, by electronic and/or ordinary mail.

       s/Lisa Bartlett
       Case Manager