UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CARDELLO-SMITH,
and PATRICIA LEE THOMPSON,

       Plaintiffs,                              No. 22-10340

v.                                            Honorable Nancy G. Edmunds

JPAY, LLC, et al.,

       Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO REOPEN CASE [83]**

This matter is before the Court on Plaintiffs' "Motion to Reopen Case Against All JPay Defendants and Proceed with Original Complaint by All Plaintiffs" filed on April 19, 2024. (ECF No. 83.) Defendants filed a response on May 3, 2024. (ECF No. 84.) For the following reasons, the Court DENIES the motion.

**I.    Background**

Plaintiffs filed this action *pro se* on February 10, 2022. The Court referred pretrial matters to Magistrate Judge Curtis Ivy, Jr. (ECF No. 3.) Plaintiffs' claims against Defendants associated with JPay, LLC ("JPay Defendants") arise from issues covered by contract with the company for the purchase of a tablet. (ECF No. 1, PageID. 2–5.) On November 8, 2022, JPay Defendants filed a motion to dismiss and enforce arbitration under the contract. (ECF No. 41.) Plaintiffs eventually agreed to dismiss these claims and to pursue arbitration "based on the terms of service and warranty policy containing a requirement of Arbitration as to these parties." (ECF No. 70 at

1

PageID.307.) The Court dismissed the claims against the JPay Defendants based on the signed stipulation of the parties on December 21, 2022. (ECF No. 70.)

On January 30, 2023, the Magistrate Judge recommended dismissal of Plaintiffs' complaint for failure to properly serve the remaining Defendants. (ECF No. 72.) Plaintiffs objected to the report and recommendation, but on June 12, 2023, the Court ultimately overruled these objections, accepted and adopted the report and recommendation to dismiss, and closed the case. (ECF Nos. 81, 82.) Now before the Court is Plaintiffs' "Motion to Reopen Case Against All JPay Defendants and Proceed with Original Complaint by All Plaintiffs" filed on April 19, 2024. (ECF No. 83.)

## II.    Issue

Plaintiffs stipulated to dismiss the claims against JPay Defendants subject to arbitration, and the Court ordered dismissal without prejudice based on the signed stipulation and voluntary dismissal by the Plaintiff under Federal Rule 41(a)(1)(A)(ii). Fed. Rules Civ. Pro. 41(a)(1)(A)(ii); (B) (dismissal under 41(a)(1)(A) is without prejudice unless the notice of stipulation states otherwise.).

When a claim is voluntarily dismissed pursuant to a Rule 41(a)(1)(A)(ii) stipulated dismissal, the Court retains the ability to vacate the stipulated dismissal under Rule 60(b)(6). *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 378, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Aro Corp. v. Allied Witan Co.,* 531 F.2d 1368, 1371 (6th Cir.1976). The Sixth Circuit has held that reopening of a dismissed suit by reason of breach of the agreement that was the basis for dismissal can be obtained under this Rule. *See, e.g.*, *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 704 (6th Cir. 2021) (citations omitted) ("The dismissal resulting from a stipulation under this

rule (41(a)(1)) terminates the district court's jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)."

Federal Rule of Civil Procedure 60 governs relief from a final judgment, order, or proceeding. Fed. R. Civ. P. 60. Plaintiffs base their request to reopen the case on failed attempts at arbitration, stating that "all Attempts through Email, US Mail, and Phone have resulted in literally no progress, there is no other option … except to ask this Court to Reinstate and Reopen the case." (ECF No. 83, PageID.380). Considering the reasons available to relieve a party from a final judgment, order, or proceeding under Rule 60, only Rule 60(b)(6), relief for any other reason that justifies it, applies to this claim.

### III.  Standard of Review

The decision to grant Rule 60(b)(6) relief is a case-by-case inquiry that requires the trial court to intensively balance numerous factors, including the competing policies of the finality of judgments and the "incessant command of the court's conscience that justice be done in light of all the facts." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 529 (6th Cir. 2001) (citations omitted). This is especially true in an application of subsection (6) of Rule 60(b), which applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. *Id.* This is because "almost every conceivable ground for relief is covered" under the other subsections of Rule 60(b). *Id.*; *see also Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir.1989). Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where

3

principles of equity mandate relief. *Blue Diamond Coal Co.*, 249 F.3d at 524. (citations omitted).

"The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A motion under Rule 60(b) must also be made within a reasonable time. Fed. R. Civ. Pro. 60(c)(1). In this Circuit, the bounds of reasonable time for relief under 60(b)(6) "ordinarily depend on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Lal v. Prudential Sec., Inc.*, 172 F.3d 48 (6th Cir. 1998) (citing *Olle v.. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990)).

IV. Analysis

  A. **Exceptional or Extraordinary Circumstances**

Plaintiffs wish to reinstate their claims against the JPay Defendants because "arbitration attempts have failed miserably" because JPay Defendants did not "respond to or take any active role in any arbitration attempts." (ECF No. 83, PageID.380.) However, Plaintiffs did not need any cooperation from JPay Defendants to initiate arbitration proceedings under the operative contract rules. Plaintiffs agreed to pursue arbitration "based on the terms of service and warranty policy" that applied to their claims. (ECF No. 70 at PageID.307.) Under the policy, "either party may initiate arbitration" by contacting the arbitration entity directly via means outlined in the contract, including mail and email. (ECF No. 84-2, PageID.401.) Arbitration rules are also available through the kiosk at Plaintiffs' facility. (ECF No. 84, PageID.386.) Plaintiffs

4

were therefore on notice that they could begin an arbitration under the applicable rules by unilaterally making a demand. By failing to initiate arbitration and attempting to return these claims to this Court, the relief Plaintiffs seek would usurp the parties' agreed-upon authority of the arbitrator to resolve the disputes as contemplated in the contract. The Court concludes that Plaintiffs' arguments do not establish exceptional or extraordinary circumstances or an unusual or extreme situation where principles of equity mandate relief under Rule 60(b) and therefore do not provide a basis to set aside the Order of Dismissal.

### B. Timeliness

JPay Defendants also argue that this motion is untimely under Rule 60(c), noting that Plaintiffs filed this motion "a year and almost five months" after the claims were dismissed to pursue arbitration. (ECF No. 84, PageID.388). Plaintiffs give no reasoning for the delay. Because Plaintiffs did not require JPay Defendants' participation to initiate arbitration, it is impossible to establish when Plaintiffs had notice of any factual basis to file the 60(b)(6) motion. "While pro se litigants are afforded significant leeway, those who proceed without counsel must still comply with the procedural rules that govern civil cases." *Frame v. Superior Fireplace*, 74 F. App'x 601, 603 (6th Cir. 2003). With no satisfactory explanation for Plaintiffs' inaction since they voluntarily stipulated to dismiss these claims, the Court also finds the motion untimely under Federal Rule 60(c). *See, e.g., Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 251 (6th Cir. 2019) (finding the Rule 60(b)(6) motion was untimely where plaintiff "fail[ed] to adequately explain the five-month gap" between the plaintiff's notice of the factual basis for the motion and filing), and *Kelmendi v. Detroit Bd. of Educ.*, 780 F. App'x 310, 313 (6th Cir. 2019) (finding the

motion untimely where plaintiff was on notice of purported legal reasoning errors almost eleven months before his Rule 60(b)(6) motion and *offered no reason for the delay*) (emphasis added).

**I.      Conclusion**

For the reasons above, Plaintiff's Motion to Reopen the Case (ECF No. 83) is DENIED.

SO ORDERED.

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 27, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2025, by electronic and/or ordinary mail.

s/ Marlena Williams
Case Manager